THE QUEEN *vs.* ALANI.  ⁰

APPEAL FROM POLICE COURT OF EWA, OAHU.

HEARING, NOVEMBER 5, 1892. DECISION, DECEMBER 5, 1892.

JUDD, C.J., BICKERTON AND DOLE, JJ.

The act of managing or conducting or assisting in the managing or conducting of a lottery are both punishable offenses under Section 3, Act of 1886; the proof of either managing or assisting in the management would be sufficient, and as in this case the charge was in the alternative, the proof of either of them is sufficient. Here there was abundant proof of assisting, and the appeal was dismissed.

OPINION OF THE COURT, BY JUDD, C.J.

On the 13th May, 1892, defendant was charged in the Police Court of Ewa with "Violating Section 3 of Chapter 41 of the Session Laws of 1886, by establishing, commencing, and being a partner in a lottery game called 'che fa,' or assisting in managing or conducting the same during three months prior to May 10, 1892." He was found guilty and fined one hundred dollars and costs, and appealed to this Court in Banco, on points of law, thus stated by his counsel, W. R. Castle:

1st. That the evidence does not show that the defendant was guilty of any offense under the statute.

2d. That the evidence does not show any lottery, game or other scheme whereby any person made or lost any money or thing of value by reason of any action of defendant.

3d. That the evidence totally fails to sustain the charge against the defendant of establishing, commencing, or being a partner in any lottery or other scheme, etc.

The evidence sent up, taken on the part of the prosecution, shows several purchases of lottery tickets from defendant, upon which were won various sums of money, although in some in-

stances the witnesses say they were not paid their winnings. There was also testimony that these tickets were in a "che fa" lottery, a gambling game. Three witnesses say that defendant carried on a "che fa" bank. The tickets, or words upon which the money was placed, were produced and are before the Court.

We consider this evidence plenary upon which to sustain the conviction. We held in *The Queen vs. Jim Kaka*, *ante*, page 305, that collecting by a person of marked words or tickets, or receiving stakes from players in a lottery or gambling game called "che fa," is sufficient evidence to sustain the charge of assisting in managing or conducting a lottery, without further proof that such a game was in existence. The act of managing or conducting, or assisting in the managing and conducting, of a lottery are both punishable offenses under Section 3, Act of 1886, and although both may be charged, it is not necessary to establish both; the proof of either managing or assisting in the management would be sufficient, and as in this case the charge was made in the alternative, the proof of either is sufficient, as of course the proof of both would be.

In our case, besides proof of assisting, there were direct statements of witnesses that defendant was the banker of the game, which means, we presume, its actual proprietor or owner.

The appeal is dismissed and conviction sustained.

*Attorney-General Brown*, for prosecution.

*W. R. Castle*, for defendant.